UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80926-CIV-MARRA

PETER R. DUNN and ALAN J. KIRMAN,

Plaintiffs,

vs.

CITIGROUP GLOBAL MARKETS, INC.,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Citigroup Global Markets, Inc.'s Motion to Compel Arbitration (DE 4).  The motion is fully briefed and ripe for review.  The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

On July 17, 2008, Plaintiffs Peter Dunn and Alan J. Kirman ("Plaintiffs") filed a three-count Complaint in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida against Defendant Citigroup Global Markets, Inc. ("Defendant" "Citigroup").  According to the Complaint, Plaintiffs were hired by Defendant as registered stock brokers.  One of their job responsibilities was to invest funds from the Tobacco Trust Settlement of 1998.  (Compl. ¶ 1, attached to DE 2.)   After two years of investing funds, Defendant accused Plaintiffs of intentionally collecting compensation in excess of that allowed under the policies and rules associated with the investment of the trust fund.  Plaintiffs allege that they were never informed of the regulations regarding compensation because Defendant was unaware of the regulations, and that once Defendant became aware of the regulations, Defendant "wrongly asserted blame"

on Plaintiffs for failing to comply with them. (Compl. ¶ 3.) Plaintiffs bring claims for negligent misrepresentation (count one); breach of implied covenant of good faith and fair dealing of Plaintiffs' employment agreements (count two) and breach of fiduciary duty (count three). On August 21, 2008, Defendant removed the case (DE 1) and subsequently filed the instant motion.

Defendant argues that the Court must compel arbitration because Plaintiffs, who are stock brokers, signed the Uniform Application for Securities Industry Registration or Transfer, known as Form U-4, and which requires arbitration of employer-employee disputes.[1] In response, Plaintiffs state that the Form U-4s are deficient because the firm name on Form U-4s is Smith Barney, and not Citigroup Global Markets, Inc. Defendant replies that, while it was not a signatory to Plaintiffs' Form U-4s, it may invoke the arbitration clauses because it is the successor-in-interest to Smith Barney.

II.  Discussion

The Court begins by noting that there are two factual disputes that cannot be resolved on the existing record. The first concerns the relationship between Citigroup and Smith Barney. Defendant states that Citigroup is the successor in interest to Smith Barney, without providing evidentiary support. (Mot. at 3 n.1; Reply at 3.) Plaintiffs assert that there have been "multiple mergers" and the "corporate entity of Smith Barney is now a division of [Citigroup]." (Resp. at 2.) Based on this record, the Court is uncertain as to the relationship between these entities and

---

[1] The arbitration clause in the Form U-4 states: "I agree to arbitrate any dispute, claim or controversy that may arise between me and my firm, or a customer, or any other person, that is required to be arbitrated under the rules, constitutions or by-laws of the organization indicated on item 10 as may be amended from time to time and that any arbitration award rendered against me may be entered as a judgement in any court of competent jurisdiction." (Plaintiffs' Form U-4s, attached to DE 4-2, 4-3.)

whether Plaintiffs contest that Citigroup is the successor in interest to Smith Barney.  Second, Plaintiff Peter Dunn states that the Form U-4 provided by Defendant "fails to include where [he] agreed to arbitrate even with Smith Barney, his original employer in this case." (Resp. at 8.) Thus, it appears that Mr. Dunn contests that his Form U-4 required him to arbitrate.  As such, it is necessary to conduct a factual inquiry into this issue.[2]  Despite these factual disputes, the Court believes that it would be useful to the parties to set forth the legal principles that would be applicable in this case, assuming that there is a successor in interest relationship between Citigroup and Smith Barney and assuming that Mr. Dunn's Form U-4 required him to arbitrate.

There is a strong federal policy supporting arbitration agreements.  See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983).  One of the purposes of the FAA is "ensure judicial enforcement of privately made agreements to arbitrate." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 219 (1985). Arbitration agreements must be "rigorously enforce[d]" by the courts.  Id. at 221.

With this in mind, the Court turns to the language in the Form U-4 at issue here.  The Court finds that this language unambiguously provides for arbitration.  Indeed, the Eleventh Circuit examined identical language in Bender v. A.G. Edwards & Sons, Inc. and found that the plaintiff's Title VII claims were subject to arbitration.  See Bender, 971 F.2d 698, 700 (11th Cir. 1992); see also Kidd v. Equitable Life Assurance Society of U.S., 32 F.3d 516, 520 (11th Cir. 1994) (Form U-4 subjects employment disputes to arbitration).  Here, it is uncontested that

---

[2] The record shows that Mr. Dunn's Form U-4 on file with the NASD is missing part of page 4, including the provision to arbitrate. (DE 5-2.)  Mr. Dunn's Form U-4 on file with Defendant contains the arbitration provision on page 4, but is unsigned by Mr. Dunn. (DE 4-2.) The Court notes that a party may be bound by an arbitration agreement even in the absence of a signature. Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1369 (11th Cir. 2005).

3

Plaintiffs' claims arise from an employment dispute.  Indeed, count two of the Complaint alleges breach of an implied covenant of good faith and fair dealing related to Plaintiffs' employment contract.

Furthermore, numerous cases have held that a successor in interest can enforce an arbitration clause in a contract signed by its predecessor.  See, e.g., Nathan v.  Merrill Lynch, Pierce, Fenner & Smith, Inc., No. 3:07CV238WWE, 2007 WL 3102186, at * 1 (D. Conn. Oct. 19, 2007); Galbraith v. Resurgent Capital Svcs., No. CIV S 05-2133 KJM, 2006 WL 2990163, at *1 (E.D. Cal. Oct. 19, 2006); Porzig v. Dresdner Kleinwort Benson North Am. LLC, No. 98-CIV-7670 (BJS), 1999 WL 518833, at * 5 n.5 (S.D.N.Y. July 21, 1999);  Ibar Ltd. v. American Bureau of Shipping, No. 97 Civ 8592 (LMM), 1998 WL 274469, at * 5 (S.D.N.Y. May 26, 1998); Newport Petroleum, Inc. v. Tug Justine Foss, No. C97-966C, 1997 WL 876955, at * 1 (W.D. Wash. Sept. 2, 1997).  The Court adopts the reasoning of these opinions.  Therefore, assuming Citigroup is the successor in interest to Smith Barney, Defendant may enforce the arbitration provision in the Form U-4.

III. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)      The Court will hold an evidentiary hearing on **Friday, April 17, 2009 at 4:00 p.m.**

2)      The Court defers ruling on Defendant Citigroup Global Markets, Inc.'s Motion to

Compel Arbitration (DE 4) pending the results of the evidentiary hearing.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 1st day of April, 2009.

_____
KENNETH A. MARRA
United States District Judge